UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JANE DOE,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-179-PGB-DCI**

**WANTONG INTERNATIONAL, INC., INTERNATIONAL STUDENT SERVICES, LLC, PRO-NAILS & BEAUTY SCHOOL, IN., ZONGYING YUAN, and WENXIN LIU,**

**Defendants.**
_____________________________________/

## ORDER

Pending before the Court is a Motion to Set Aside Clerk's Default and for Leave to File an Answer to the Amended Complaint filed by Defendant Pro-Nails & Beauty School, Inc. (Pro-Nails). Doc. 124 (the Motion). The Motion is due to be granted.

When Pro-Nails did not respond to Plaintiff's initial Complaint, Plaintiff filed a motion for Clerk's default pursuant to Federal Rule of Civil Procedure 55(a). Doc. 20. Pro-Nails responded by filing a motion for extension of time to respond to the initial Complaint. Doc. 23. The Court denied the parties' motions for failure to comply with Local Rule 3.01(g) and directed counsel to immediately confer on the issue. Doc. 24. Pro-Nails then renewed its request to file a response to the initial Complaint, which Plaintiff did not oppose. Doc. 27. The Court granted relief, and Pro-Nails filed a motion to dismiss. Docs. 29, 34. With leave of Court, Plaintiff subsequently filed an Amended Complaint against all Defendants, and the Court deemed Pro-Nails' motion to dismiss moot. Docs. 67, 74. Pro-Nails did not file a timely response to the Amended Complaint, and Plaintiff filed another motion for Clerk's entry of default. Doc. 114. Before the scheduled hearing

on that motion, Pro-Nails filed an answer and affirmative defenses to the Amended Complaint. Doc. 118.

The Court conducted the hearing and for the reasons stated on the record, struck the answer, granted Plaintiff's motion for Clerk's entry of default, directed the Clerk to enter default against Pro-Nails, and set a deadline for Pro-Nails to file a motion to set aside the Clerk's default and to move for an extension of time to file an answer to the Amended Complaint. Docs. 119, 120.[1] Pro-Nails now moves to set aside the default and seeks permission to file a "Late Answer" to Plaintiff's Amended Complaint. Doc. 124. Plaintiff has filed a response in opposition. Doc. 128.

A court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). Good cause is a liberal standard that varies from situation to situation. *Compania Interamericana Expert-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). Accordingly, courts have considered the following nonexclusive factors in determining whether "good cause" has been shown: 1) whether the default was culpable or willful; 2) whether setting the default aside would prejudice the opposing party; 3) whether the defaulting party presents a meritorious defense; 4) whether there was significant financial loss to the defaulting party; and 5) whether the defaulting party acted promptly to correct the default. *Id.* (citations omitted). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set

[1] At the hearing, the Court discussed Pro-Nails' apparent failure to litigate this case. Namely, on June 22, 2026, the Court granted in part as unopposed Plaintiff's motion to compel discovery and for sanctions and directed Pro-Nails to show cause in writing why the Court should not award Plaintiff reasonable expenses incurred in filing the motion. Doc. 113. Pro-Nails did not respond to the order to show cause and the time to do so elapsed. Accordingly, at the hearing the Court determined that Plaintiff is entitled to the reasonable expenses incurred in filing the motion to compel. As stated at the hearing, Plaintiff's counsel intends to file a motion with respect to the quantification of those fees.

aside a default." *Id*. (citation omitted). However, if a "party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id*. at 951-52 (citation omitted).

Here, the default is due to be set aside and leave to file an answer to the Amended Complaint will be granted. As an initial matter, with respect to Pro-Nails' request to file an answer out of time, "[s]hould the deadline to file a responsive pleading pass without one being filed, Federal Rule of Civil Procedure 6(b)(1) requires a defendant to seek leave before filing the responsive pleading." *Ferguson v. Budget Rent A Car Sys.*, 2024 U.S. Dist. LEXIS 107969, at *10 (M.D. Fla. June 18, 2024). But "[t]he Eleventh Circuit has held that a motion for extension of time to file an answer should be treated as a motion to set aside a clerk's default, and so a defendant need only show 'good cause' to allow a late filing rather than 'excusable neglect.'" *Id*. (quoting *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) (finding that the plaintiff's request for leave to file an out-of-time answer to a counterclaim "should have been analyzed as a motion to set aside an entry of default under the more forgiving Rule 55(c) standard as opposed to the more exacting Rule 6(b)(1)(B) standard").

The Court, therefore, will turn to Pro-Nails' request to set aside the default. Counsel for Pro-Nails explains that when the Court denied its initial motion to dismiss as moot due to the filing of the Amended Complaint, counsel inadvertently failed to calendar the deadline for the response. Doc. 124 at 7. Counsel states that after Plaintiff filed the Amended Complaint service on new Defendants ensued, "[t]here was little activity in the case for the balance of 2025," and Plaintiff initiated discovery in February 2026. *Id*. Counsel represents that he realized that Pro-Nails did not respond to the Amended Complaint and spoke with opposing counsel on March 30, 2026. *Id*.

at 3. Despite Plaintiff's counsel's lack of opposition for an extension, Pro-Nails did not file an answer until July 6, 2026. *Id*. at 3, 7 to 8.

Pro-Nails' counsel states that he worked on the draft answer but was "pulled in many directions" because his parents are elderly and infirm.[2] Further, Pro-Nails' counsel states that his "practice involves a very large number of court appearances (mostly through video technology)," but contends that he is not "willfully neglecting filings and deadlines in cases." *Id*. at 8, 9. Counsel states that he was working on the answer in April, May, and June, "already made [it] known that its filing was imminent," and "[t]he delay in filing the Answer in this case was not willful or intended to cause harm to Plaintiff's inability to prosecute her case." *Id*. at 9.

Upon due consideration, the Court finds good cause to set aside the Clerk's entry of default. With respect to whether the default was willful, Pro-Nails' counsel verifies[3] his contention that the failure to respond to the Amended Complaint was due to an inadvertent calendaring error after the Court denied a motion to dismiss, his parents' health, and his busy schedule. Although counsel's family matters and a heavy caseload do not necessarily excuse counsel's lack of diligence and the Court is not swayed by counsel's explanation that he was drafting the answer for three months, the Court does not find that Pro-Nails was necessarily willful in the default under these circumstances. The Court notes that the question of willfulness was a close call given the many opportunities Pro-Nails had to avoid default, and the Court agrees with Plaintiff that the default is especially problematic since Pro-Nails' counsel failed to act in March 2026 when counsel first realized he did not file an answer and counsel for the parties conferred on the matter. Even so, the Court is

---

[2] Counsel states that "Plaintiff's counsel's parents are both elderly and infirm," but it appears that this is a typo. *See id*. at 8.

[3] Counsel has attached a "Sworn Verification" to the Motion. Doc. 124-1.

not entirely persuaded that the failure was willful. *See Corepointe Ins. Co. v. Politis Law Firm, P.A.*, 2023 WL 4235337, at *2 (M.D. Fla. June 28, 2023) (finding good cause to set aside default existed when counsel provided a declaration that he failed to forward the complaint to staff and "essentially forgot about it") (citing *Mineola Holdings Inc. v. Stoney Brook Fin. P'ship Ltd.*, 2021 WL 2954269, at *2 (M.D. Fla. Jan. 4, 2021) (setting aside clerk's default where counsel inadvertently mis-calendared the deadline for responding to the complaint); *Auto-Owners Ins. Co. v. Env't House Wrap, Inc.*, 2018 WL 6680937, at *1 (M.D. Fla. Oct. 11, 2018) (finding good cause to set aside clerk's default caused by "human error")).

Also, the Court finds that setting aside the default will not prejudice Plaintiff. Plaintiff argues that Defendant's delay has impacted discovery and her ability to prepare effectively for trial. The Court is sympathetic to Plaintiff's position and has already determined that Plaintiff is entitled to fees related to a motion to compel, but the Court is mindful of the Eleventh Circuit's "strong policy of determining cases on their merits," and discovery is still open in this matter. If Plaintiff finds that Pro-Nails' delay impacts her ability to meet deadlines, then Plaintiff may file a motion for the Court's consideration.

Finally, at least as to the latest request for Clerk's default, Pro-Nails promptly moved to vacate the Clerk's entry. *See* Docs. 123, 124. As such, it appears that Pro-Nails has heeded the Court's reprimand for the failure to act diligently in this case (*See* Doc. 128-1) and stands ready to litigate the matter.[4]

[4] As to the question of whether Pro-Nails has a meritorious defense, the Court makes no finding on this factor. It seems Pro-Nails claims that it will prevail in this case because the allegations against it are few and conclusory in nature. *See* Doc. 124 at 10 to 11. Pro-Nails also seems to contend that its document production supports its position regarding Plaintiff's diploma and licensing. *Id.* at 10, 12. Plaintiff challenges the arguments, but provides only a general citation to a case regarding Pro-Nails' burden. Doc. 128 at 8. In any event, the Court is not convinced by either sides' argument on this issue and will, therefore, rely on other factors supporting relief. *See*

In sum, despite Pro-Nails' delay in filing a response to the Amended Complaint and counsel's less than satisfactory reasons for the default, the Court finds that the case should go forward, and the default should be set aside. *See Brake v. All Fla. Safety Inst., LLC*, 2021 WL 2877618, at *1 (M.D. Fla. June 30, 2021) (setting aside the clerk's default even though the defendant did not provide an adequate explanation for the default because it promptly moved to set aside the default, presented a meritorious defense, and there was no prejudice to the plaintiff); *Olsen v. Quinn Constr., Inc.*, 2011 WL 687501, at *1 (M.D. Fla. Feb. 16, 2011) ("[T]he Court prefers to reach the merits of the case as opposed to decide it on a technicality.").

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 124) is **GRANTED;**
2. the Clerk is directed to **VACATE** the Clerk's default against Pro-Nails; and
3. **on or before August 31, 2026**, Pro-Nails shall file the answer.

**ORDERED** in Orlando, Florida on August 24, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

*Corepointe*, 2023 WL 4235337 at *2 (finding that the plaintiff did not cite to legal authority demonstrating that the asserted defenses would fail as a matter of law and declining to address the merits of the defenses upon consideration of the motion to set aside) (citing *Tindal v. Def. Tax Grp., Inc.*, 2021 WL 4133749, at *3 (M.D. Fla. Sept. 10, 2021) (finding arguments as to actual merits of defense were better addressed at a later stage of litigation, rather than on motion to vacate clerk's default); *Worldwide Distribution, LLLP*, 2016 WL 8999083, at *2 (declining to reach the actual merits of a defense on a motion to vacate clerk's default); *Retina-X Studios, LLC v. ADVAA*, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014) ("[W]hether a defense is meritorious does not depend on its likelihood of success.")).